UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20599-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARRY PAUL MEZEY

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE:
DEFENDANT'S PRO SE LETTER/MOTION TO DISMISS CHARGES**

This matter arose upon the *pro se* letter/motion to dismiss the charges against him filed by Defendant Barry Mezey, ECF No. [19]. A hearing on the motion was held on August 10, 2018. For the reasons stated at the hearing and summarized below, the undersigned recommends that the motion be denied.

    I.    **BACKGROUND**

Defendant Barry Mezey is charged in a one-count Indictment with impersonating a diplomat or foreign government official between February 23, 2018, and June 27, 2018, in violation of 18 U.S.C. § 915, ECF No. [6]. He was arrested on June 27, 2018, and charged by Complaint on June 28, 2018. He appeared before Magistrate Judge McAliley for a detention hearing on July 3, 2018, and those proceedings have been continued in an effort to find a secure placement for him in the community, such as Fellowship House. Magistrate Judge McAliley has held multiple hearings regarding this issue, and there is a transcript of the proceedings that occurred July 16, 2018. As part of that process, Fellowship House has required Mr. Mezey to release records of his past psychiatric treatment, and has also required Mr. Mezey to be interviewed by mental health specialists.

At a status conference held by the undersigned Magistrate Judge on August 7, 2018, counsel for both sides advised the undersigned Magistrate Judge that no decision had been reached by Fellowship House regarding whether they would accept Mr. Mezey into their program.  In response to questioning by the undersigned Magistrate Judge regarding whether a competency examination should be ordered by the Court based on Mr. Mezey's psychiatric history, both counsel advised the Court that there was no reason to believe that Mr. Mezey was not competent to proceed in this matter.

Thereafter, on August 10, 2018, a hearing was held on Mr. Mezey's pro se letter motion to remove current counsel and appoint new counsel, as well as the above pending motion.  An order was entered denying the motion to appoint new counsel, ECF No. [23].  With respect to the Motion to Dismiss, the undersigned advised the parties at the hearing that a Report and Recommendation would be issued that recommended denial of the Motion to Dismiss.  Shortly after the hearing, however, Mr. Mezey was set for a hearing to change his plea to guilty, and therefore entry of the Report and Recommendation was deferred.  Since the change of plea was not completed, this matter is now ripe for disposition.

II.     **THE MOTION TO DISMISS**

At the outset, the undersigned notes that Local Rule 11.1(d) states that, absent an Order of the Court, whenever counsel has appeared on behalf of a party, that party cannot represent himself at the same time.  It is well-settled that a criminal defendant does not have the right to such hybrid representation.  *Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (citing numerous cases).  Therefore, the Motion to Dismiss could be stricken on this ground alone.  A review of the merits of the motion, however, demonstrates that it should be denied on the merits as well.

The three grounds for dismissal of his indictment contained in the letter filed by Mr. Mezey are quoted below, followed by a discussion of why each ground does not warrant dismissal of his Indictment.

> 1) 4th amendment rights violation in the 48 hour rule. I was starting to be investigated on February 23rd, 2018 by the FBI. I was not arrested until June 27th, 2018 by DSS/DHS. The complaint which was not a "fresh charge" was filed June 28th, 2018 but not stamped by the court until June 29th, 2018. I was not formally charged with the offense allegedly claiming "impersonating a diplomat 18 USC title 915" until July 12th, 2018. Due to the mere fact the US Government did not go in front of the grand jury to indict me before arrest as required by the 4th amendment and criminal law procedure rules 3, 6, 7 due to being under investigation from February 23rd, 2018 and not being arrested until June 27th, 2018 this is not legally considered a "fresh charge" and the charge must be dismissed due to no grand jury indictment prior to arrest a violation of my constitutional rights.

The record reflects that Mr. Mezey was arrested without a warrant on June 27, 2018, ECF No. [2]. There is no requirement under the Fourth Amendment that the government agents secure a warrant before making an arrest for a felony. *United States v. Watson*, 423 U.S. 411 (1976). There is also no constitutional requirement that a defendant be arrested earlier than the police choose to do so. *See generally United States v. Jones*, 377 F.3d 1313 (11th Cir. 2004). A Criminal Complaint establishing probable cause to believe he committed the offenses charged was signed by a Magistrate Judge on June 28, 2018, thus satisfying the requirement that a neutral and detached judicial officer determine probable cause within 48 hours from the time of the Defendant's arrest. *County of Riverside v. McLaughlin*, 500 US 44, 54 (1991). Mr. Mezey had his initial appearance in Court on June 29, 2018, ECF No. [2]. The presently pending Indictment was returned on July 12, 2018, ECF No. [6], well within the 30-day limit set forth in the Speedy Trial Act, 18 U.S.C. § 3161(b). Therefore, Mr. Mezey's claims are without merit.

> 2) Declared Incapacity to Stand Trial by Judge Chris McAliley.  Judge McAliley agreed with Mr. Trinity Jordan, my Public defender Bonnie Williams and Myself to place me under a guardianship at the 2nd hearing which automatically deems me the defendant Barry Paul Mezey incapacitated to stand trial by ordering such guardianship in a court of law.  Guardianships are deemed incapacitation and such deems of a ward especially a prior deemed incapacitated adult declare me legally incapacitated to stand trial.  Also, since I am deemed no threat to the community in official police reports by Miami Dade Police the court cannot further legally detain me or send me to a federal prison hospital.  I also have double jeopardy in my constitutional rights regarding which guardianship I choose to go under therefor the court cannot pick which guardianship I am placed under and such guardianship is legally required to be voluntary.

The record establishes that Judge McAliley has never declared Mr. Mezey to be incapacitated to stand trial, or placed him under any type of guardianship.  On July 3, 2018, Mr. Mezey first appeared before Judge McAliley for a detention hearing, ECF No. [4]. At that time, the hearing was begun, but was continued to July 6, 2018.  On that date, the hearing was again continued, and a status conference was set for July 13, 2018, ECF No. [5].  According to the Order entered by Judge McAliley at that hearing, it appeared that the ability of the Pretrial Services Office to evaluate Mr. Mezey for release with close mental health supervision had been hampered by the inability to obtain the needed medical and psychiatric records from Mr. Mezey's treating psychiatrist.  Therefore, the detention hearing was re-set for July 16, 2018, ECF No. [8].

There is a transcript of the proceedings held on July 16, 2018, ECF No. [17].  The transcript reflects that the proceedings concerning Mr. Mezey relate to his compliance with medical treatment prescribed by his private psychiatrist, the medical treatment he is receiving at FDC, and the efforts to obtain Mr. Mezey's release to Fellowship House, a residential treatment facility, during the pendency of these proceedings in lieu of holding him in custody at FDC.   At the conclusion of the hearing, the Court directed that Fellowship House would evaluate Mr. Mezey and determine whether they would accept him during the pendency of this case.  Thereafter, the Court directed the U.S. Marshal's

4

Service to transport Mr. Mezey to the Cellblock on August 1, 2018, for the purpose of having him interviewed by a Mental Health Specialist from Fellowship House, ECF No. [13].

At the time of the hearing on the presently pending Motion before the undersigned Magistrate Judge, neither the parties nor the Court had received a report from Fellowship House regarding whether they were willing to allow him to reside in their facility during the pendency of this case.

To date, no such report has been filed with the Court, and no further proceedings regarding Mr. Mezey's release have been held.

It is clear from this record, that Mr. Mezey has not been placed under a guardianship or declared incapacitated; rather the proceedings before Judge McAliley have concerned his release from custody.[1]

At the hearing before the undersigned Magistrate Judge counsel for Mr. Mezey and counsel for the Government both stated that there was nothing in the record to suggest that Mr. Mezey was not competent to stand trial, and that there was nothing to suggest that a competency evaluation should be conducted.

Moreover, even assuming that Mr. Mezey had been declared incompetent or incapacitated, that would not be grounds for dismissal of the indictment. Instead, he would be committed to the custody of the Bureau of Prisons for a determination of whether his competency could be restored. 18 U.S.C. § 4241.

> 3) Violation of Judge McAliley court order for a psychiatric evaluation against me the defendant which 5 weeks later after such court order was issued is still not completed by the FBOp/DOJ/US Attorney.

With respect to this claim, the record reflects that Judge McAliley did not order a psychiatric evaluation of the defendant for purposes of determining the defendant's

---

[1] Judge McAliley subsequently conducted a proceeding with respect to whether Mr. Mezey wanted to change his plea to guilty.

5

**competence to stand trial or sanity at the time of the offense. Rather, as stated above, Judge McAliley held a detention hearing in this case, and in an effort to find conditions of release that would reasonably assure the defendant's presence in court and the safety of the community, and with the consent of the parties, requested Fellowship House to conduct an evaluation of Mr. Mezey to determine whether they would accept him as a resident while these proceedings were pending. The failure to complete this evaluation regarding conditions of release does not serve as a basis for the dismissal of the charges.**

**Therefore, based on the foregoing analysis, it is hereby**

**RECOMMENDED that the pro se letter/Motion to Dismiss Charges, ECF [19] be DENIED.**

**Due to the close trial date, the parties will have until September 7, 2018, within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Any request for an extension of this deadline must be made by September 6, 2018. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).**

**DONE AND SUBMITTED in chambers in Miami, Florida, on September 4, 2018.**

*/s/ Andrea M. Simonton*
**ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable K. Michael Moore, Chief United States District Judge**
**All counsel of record**

6